Case 6:19-cv-00026 Document 21 Filed on 07/29/20 in TXSD Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
July 29, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| PATRICIA J. NEUMANN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 6:19-CV-00026 |
| | § | |
| ANDREW SAUL, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION**

On February 21, 2020, the District Court vacated the Commissioner of Social Security's determination that Plaintiff Patricia Neumann was not disabled and remanded to the Social Security Administration for further consideration of her application for benefits. (D.E. 15). Final judgment was entered the same day. (D.E. 16). On May 26, 2020, Plaintiff's counsel filed a motion for attorney's fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), to which the Commissioner has responded. (D.E. 17, 20). For the reasons discussed further below, it is recommended that the motion (D.E. 17) be DENIED because it is untimely.

I. **APPLICABLE LAW**

Under the EAJA, "a court shall award to a prevailing party other than the United States fees and other expenses" that were incurred in any civil action brought against the United States, "including proceedings for judicial review of agency action," unless the position of the United States was "substantially justified." 28 U.S.C. § 2412(d)(1)(A). However, a party seeking fees must submit an application to the court within 30 days of

the entry of final judgment that shows it was the prevailing party and is eligible to receive a fee award. *Id.* § 2412(d)(1)(B).

This 30-day time limit means that a party can file an EAJA application until 30 days after a judgment becomes final and not appealable. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). The losing party has 60 days to file an appeal after the district court properly enters final judgment under Federal Rule of Civil Procedure 58. *Id.* at 302-03; Fed. R. App. Proc. 4(a)(1), (7). Thus, a prevailing party typically must file an EAJA application within 90 days after the entry of final judgment. The time limit is a claims-processing rule that does not implicate the court's jurisdiction. *See Scarborough v. Principi*, 541 U.S. 401, 413-14 (2004). However, the EAJA represents a waiver of sovereign immunity and must be strictly construed in favor of the government. *Ardestani v. United States*, 502 U.S. 129, 137 (1991).

II. ANALYSIS

Counsel seeks attorney's fees totaling $11,514.53 under the EAJA because Plaintiff prevailed and the Commissioner's position was not substantially justified. (D.E. 17 at 1-3). The Commissioner responds that the application was not timely filed and counsel is ineligible for an EAJA award. (D.E. 20 at 1-2). Counsel has not replied.

Here, final judgment was properly entered under Rule 58 on February 21, 2020. (D.E. 16). Thus, the judgment became final and not appealable 60 days later on April 21, 2020. Fed. R. App. Proc. 4(a)(1), (7). Counsel had 30 days from this date to file his application for EAJA fees, meaning that his application had to be filed by May 21, 2020. *Schaefer*, 509 U.S. at 302-03. He filed the application on May 26, 2020, or five days

after the deadline expired. While the failure to timely file the application does not deprive the court of jurisdiction, it is a binding time limit and forecloses counsel from receiving EAJA fees. *See Scarborough*, 541 U.S. at 413-14; *Ardestani*, 502 U.S. at 137.

### III.  RECOMMENDATION

Accordingly, it is recommended that the motion (D.E. 17) be DENIED because it is untimely.

Respectfully submitted this 29th day of July, 2020.

                                                    _____
                                                    Julie K. Hampton
                                                    United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).